FILED
 2023 Dec-08 PM 12:10
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **MICHELLE KOSTER,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. 7:23-cv-813-CLS** |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Michelle Koster, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, claimant asserts that: the ALJ failed to follow Social Security Ruling 12-2p when evaluating claimant's fibromyalgia; the ALJ failed to evaluate properly claimant's subjective complaints of pain; and, the residual functional capacity assigned by the ALJ is not supported by the evidence of record. Upon review, the court finds that claimant's first contention has merit.

**A.     The ALJ's Findings**

The ALJ found that claimant had the following "severe" impairments that could significantly limit her ability to perform basic work activities: lumbar facet degeneration of L5-S1; chronic pain syndrome; obesity; major depressive disorder; and, generalized anxiety disorder.[1] The ALJ extensively reviewed the medical evidence of record, which documented claimant's additional complaints, diagnoses, and treatment.[2] Following review of the evidence, the ALJ concluded that none of

---

[1] Tr. 13.
[2] Tr. 13-15.

2

claimant's impairments, singly or in combination, met or medically equaled the severity of one of the listed impairments contained in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  The ALJ then determined that claimant retained the following residual functional capacity:

> The claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except for frequent stooping, crouching, kneeling, crawling and constant bilateral handling and fingering.  She is able to understand, remember, [and] carry out, simple, routine tasks involving 1 or 2 step instructions for 2 hour periods.  She should avoid unrestricted heights; no operation of hazardous or vibrating machinery and no climbing of scaffolds, ladders, ramps, or ropes.  She can perform occasional climbing of stairs; no driving; and have no contact with the general public; and occasional contact with co-workers and supervisors.

Tr. 17-18 (footnote omitted, alteration supplied).  Because the ALJ determined that plaintiff could perform a limited range of medium work, he found that she was not under a disability, as defined in the Social Security Act.[4]  Claimant timely filed this appeal of the Commissioner's decision.

**B.    The ALJ's Evaluation of Claimant's Fibromyalgia**

Claimant contends that the ALJ's evaluation of her fibromyalgia was inadequate.  Upon review of the record, the court agrees.

In the portion of the ALJ's opinion addressing fibromyalgia, he stated:

---

[3] Tr. 16.
[4] Tr.27-28.

3

> The record also includes diagnoses of fibromyalgia (Exhibits B2F and B3F). Under the requirements of Social Security Ruling 12-2p, in order for fibromyalgia to be a medically determinable impairment the claimant's physician must diagnose her with fibromyalgia that is not inconsistent with the evidence of record, and include either (1) a history of pain in all quadrants of the body and axial skeletal pain persisting for three months, at least 11 positive tender points bilaterally, and above and below the waist on examination, and evidence that other disorders that could cause the claimant's symptom were excluded; or (2) a history of widespread pain as described above, repeated manifestations of six or more fibromyalgia symptoms, and evidence that other disorders that could cause the repeated manifestations of symptoms were excluded (SSR 12-2p). Here, despite complaints/diagnoses of fibromyalgia, there is no documented examination findings that detail a history of pain in all quadrants of the claimant's body, no evidence of positive trigger points, and no evidence that other potential causes of the claimant's symptomatology were excluded. Accordingly, based on the requirements of SSR 12-2p, the claimant's fibromyalgia is not a medically determinable impairment.

Tr. 15.

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 77 Fed. Reg. 43640 (July 25, 2012). As the ALJ noted, SSR 12-2p contains two sets of criteria authorized by the Social Security Administration to assess whether a claimant's fibromyalgia is a medically determinable impairment. Claimant does not argue that she has satisfied the criteria in § II.A. of SSR 12-2p; rather, she contends that the ALJ failed to evaluate the evidence under the criteria contained in § II.B.

Section II.B. is based upon the "2010 [American College of Rheumatology] Preliminary Diagnostic Criteria." A claimant must meet all three of the following criteria to establish a medically determinable impairment of fibromyalgia:

1. A history of widespread pain (see Section II.A.1.):[5]

2. Repeated manifestations of six or more FM [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded (see section II.A.3.).[6]

---

[5] That criterion reads:

A history of widespread pain — that is, pain in all quadrants of the body (the right and left sides of the body, both above and below the waist) and axial skeletal pain (the cervical spine, anterior chest, thoracic spine, or low back) — that has persisted (or that persisted) for at least 3 months. The pain may fluctuate in intensity and may not always be present.

SSR 12-2p, § II.A.1.

[6] Section II.A.3. states, in relevant part, that:

Other physical and mental disorders may have symptoms or signs that are the same or similar to those resulting from [fibromyalgia]. Therefore, it is common in cases involving [fibromyalgia] to find evidence of examinations and testing that rule out other disorders that could account for the person's symptoms and signs. Laboratory testing may include imaging and other laboratory tests (for example, complete blood counts, erythrocyte sedimentation rate, anti-nuclear antibody, thyroid function, and rheumatoid factor).

SSR 12-2p, § II.A.3. (footnote omitted, alterations supplied).

SSR 12-2p, § II.B. (textual footnotes omitted, alterations supplied).[7]

Upon review of the medical evidence of record, the court finds that there is evidence that claimant experienced pain in all four quadrants of her body that had persisted for more than three months.[8] Moreover, there is ample evidence that claimant suffered repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, as detailed in claimant's brief, including fatigue, cognitive or memory problems, insomnia, depression, anxiety disorder, irritable bowel syndrome, headache, tingling, and dizziness. Additionally, as required by § II.B.3, there is evidence in the record (and also detailed in claimant's brief) describing laboratory testing performed to rule out other causes of claimant's pain, including imaging of claimant's back and hands, and blood tests, all of which resulted in

---

[7] One of the omitted footnotes outlines the symptoms and signs that may be considered when evaluating whether a claimant's fibromyalgia meets this criterion:

> "[S]omatic symptoms" include muscle pain, irritable bowel syndrome, fatigue or tiredness, thinking or remembering problems, muscle weakness, headache, pain or cramps in the abdomen, numbness or tingling, dizziness, insomnia, depression, constipation, pain in the upper abdomen, nausea, nervousness, chest pain, blurred vision, fever, diarrhea, dry mouth, itching, wheezing, Raynaud's phenomenon, hives or welts, ringing in the ears, vomiting, heartburn, oral ulcers, loss of taste, change in taste, seizures, dry eyes, shortness of breath, loss of appetite, rash, sun sensitivity, hearing difficulties, easy bruising, hair loss, frequent urination, or bladder spasms.

SSR 12-2p, § II.B.2. n.9.

[8] *See* Tr. 1496-98 (June 21, 2022 office visit notes of Ross B. Vaughn, M.D.) (noting plaintiff's five-year fibromyalgia diagnosis, and stating "[t]he [fibromyalgia] diagnosis was arrived at by symptoms present continuously for over 3 months and pain present in all four body quadrants (upper and lower, front and back). *Id.* at 1496 (alterations supplied).

findings of normal to mild abnormalities. The ALJ discussed none of this evidence when evaluating whether claimant's fibromyalgia was a medically determinable impairment. Without an evaluation of the evidence under SSR 12-2p, § II.B., the court cannot determine whether the ALJ's ultimate disability determination is supported by substantial evidence.

Further, because the ALJ found that claimant's fibromyalgia was not a medically determinable impairment, the ALJ did not consider claimant's symptoms arising from fibromyalgia when determining claimant's residual functional capacity. Consideration of those symptoms may have affected the ALJ's conclusion that claimant could perform a limited range of medium work.

In accordance with the foregoing, the decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.[9]

The Clerk is directed to close this file.

---

[9] Because the case is being remanded for further consideration, the remaining issues raised by claimant need not be addressed. *See, e.g.*, *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

**DONE** this 8th day of December, 2023.

_____
Senior United States District Judge